**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.M., D.M., M.H. and R.M.**

**No. 17-0687** (Barbour County 16-JA-31, 16-JA-36, 16-JA-37, and 16-JA-52)

## MEMORANDUM DECISION

Petitioner Father M.M., by counsel Franklin D. Cornette, appeals the Circuit Court of Barbour County's June 29, 2017, order terminating his parental rights to K.M. D.M., M.H. and R.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his motion for an extension of his post-adjudicatory improvement period and in terminating his parental rights instead of employing a less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 2, 2016, the DHHR filed a petition alleging abuse and neglect by petitioner toward his four children. According to the DHHR, upon the filing of the initial petition, petitioner was living in a camper, did not have an address, and was not the custodian of any of the children, but did have regular contact with them. The investigation which resulted in the filing of the petition stemmed from a referral that K.M.'s mother and her husband exposed the children to domestic violence and abused drugs while caring for the children. The petition further alleged a history of criminal activity, domestic violence, and anger issues in regard to petitioner. On June 8, 2016, the circuit court held a preliminary hearing on the initial petition. Petitioner failed to appear, despite having received actual notice of the hearing.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was represented by counsel at this hearing.

On August 8, 2016, the circuit court held an adjudicatory hearing. Petitioner admitted that his domestic violence issues resulted in the abuse and neglect of his children. Petitioner denied using drugs, admitted to using alcohol, but denied that he was an alcoholic. He was adjudicated as an abusing parent and granted a post-adjudicatory improvement period, with a condition of random drug screening. According to the guardian, immediately following the adjudicatory hearing, petitioner tested positive for amphetamine, methamphetamine, and marijuana. According to the guardian's report filed with the circuit court in January of 2017, petitioner tested positive for multiple substances in November of 2016, December of 2016, and January of 2017, and missed several drug screens each month.

On February 10, 2017, the DHHR filed an amended petition that alleged that petitioner tested positive for illegal drugs and abused prescription drugs on several occasions during the proceedings. The amended petition further alleged that petitioner admitted to having a drug problem and that his addiction seriously affected his ability to perform his duties as a parent. Petitioner filed an answer to the amended petition and admitted to drug use and domestic violence. On February 21, 2017, the circuit court held an adjudicatory hearing on the amended petition. The circuit court found, among other things, that petitioner had a history of drug abuse and that family resources were expended on drugs, rather than the minor children. The circuit court granted petitioner's motion for a post-adjudicatory improvement period.

On May 25, 2017, the circuit court held a dispositional hearing. The circuit court reviewed petitioner's drug screen results and noted that they revealed that petitioner attempted to adulterate one of the screens by using someone else's urine on February 22, 2017. Also in February of 2017, petitioner tested positive for marijuana. In March of 2017, April of 2017, and May of 2017, petitioner continued to test positive for multiple substances including amphetamines, marijuana, and methamphetamines. The circuit court noted that since his post-adjudicatory improvement period began, petitioner had only tested negative for substances once. Petitioner claimed to be surprised by the results of the drug screens and argued that the testing may have been inaccurate due to the smoke he inhaled at work. Petitioner later admitted that the screens discussed by the circuit court were in fact positive and that he had been using methamphetamines. Petitioner argued that, although he had not attempted to enter a rehabilitation program, he was willing to enter into a program. He further admitted that he had been an addict for approximately ten years and that he was dishonest with the circuit court for fear of losing his children as a result of his drug addiction. Petitioner moved for an extension of his post-adjudicatory improvement period, which the circuit court denied. The guardian argued against an extension of petitioner's improvement period due to his inability to acknowledge the extent of his drug addiction issues. The circuit court noted that petitioner's dishonesty prevented him from substantially progressing during his initial improvement period and, therefore, petitioner would be unlikely to substantially participate in a further improvement period. The circuit court also noted that permanency for the children needed to be established. Based on the evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. The circuit court ultimately terminated petitioner's

parental rights in its June 29, 2017, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying his motion for an extension of his post-adjudicatory improvement period. We find petitioner's argument unpersuasive. Pursuant to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when

the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

On appeal, petitioner fails to take responsibility for his actions and attempts to place blame on the other parents' actions, arguing that their actions led to the filing of the petition and ultimately the termination of his parental rights. He also places blame on the multidisciplinary treatment team for not recommending immediate entry into a residential treatment program. Further, although he argues that, prior to the dispositional hearing, he acquired appropriate housing, attended classes, and participated in services, petitioner failed to substantially comply with the terms of his post-adjudicatory improvement period because he continued to abuse drugs. Petitioner's drug tests showed that he tested positive for multiple substances throughout his post-

---

[3]According to the DHHR and the guardian, K.M.'s mother's parental rights were also terminated. K.M. is placed in foster care and the permanency plan is adoption in the current foster home. The mother of D.M., M.H. and R.M. voluntarily relinquished her parental rights. Those three children reside in the home of their maternal grandmother and the permanency plan is adoption therein.

adjudicatory improvement period, and he admitted that he had a substance abuse problem and had a problem for at least ten years. Petitioner also failed to enter into a drug rehabilitation facility. Therefore, an extension to petitioner's post-adjudicatory improvement period would not have been in the children's best interests and permanency needed to be established, as noted by the circuit court. Based on this evidence, we find no error in the circuit court's denial of petitioner's motion for an extension of his post-adjudicatory improvement period.

Alternatively, petitioner argues that he should have been granted a post-dispositional improvement period. However, there is nothing in the record that indicates that petitioner moved for a post-dispositional improvement period and, therefore, we will not address this argument. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009).

Next, petitioner argues that the circuit court erred in terminating his parental rights instead of employing a less-restrictive alternative. In support of this argument, he asserts that he made admissions regarding his drug abuse issues and made improvements such as obtaining appropriate housing. We find this argument to be meritless. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner admitted to his drug use and was granted a post-adjudicatory improvement period to address his addiction issues. As discussed above, petitioner failed to comply with the terms and conditions of his post-adjudicatory improvement period, continued to test positive for drugs throughout the proceedings, and failed to enter into a drug rehabilitation program. Based on this evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests, and we agree.

Further, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).  For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

      For the foregoing reasons, we find no error in the decision of the circuit court, and its June 29, 2017, dispositional order is hereby affirmed.

                                                        Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5